UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BACKYARD LEISURE, LLC, | )   CASE NO. 25-50686 |
| | )   CHAPTER 7 |
| DEBTOR. | ) |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Ally Bank, pursuant to 11 U.S.C. § 362(d), and moves for relief from the automatic stay herein as follows:

1. On or about February 1, 2023, the Debtor, dba Backyard Leisure Pool and Spa, purchased a 2022 Ram 5500, VIN 3C7WRNEL5NG236973 (the "Vehicle"), pursuant to the terms of an installment sales contract of even date (the "Contract").

2. The Contract was subsequently assigned to Ally Bank and Ally Bank now has the right to enforce the Contract. See Exhibits 1 and 2.

3. To perfect its lien on the Vehicle, Ally Bank authorized its collateral agent Ally Financial Inc. to appear as the lienholder on the Vehicle's Certificate of Title for the benefit of Ally Bank. See Exhibits 3 and 4.

4. The Debtor commenced this case by the filing of a Chapter 7 petition on October 21, 2025.

5. Prior to the petition date, Ally Bank repossessed the Vehicle due to the Debtor's default in payments.

6. As of the petition date, the net payoff balance due under the Contract was $73,158.18. At the same time, the J.D. Power average auction wholesale (liquidation) value of the Vehicle was $37,700.00. See Exhibit 5.

7. Under these circumstances, Ally Bank does not have adequate protection of its security interest in the Vehicle, and thus there is good cause to grant Ally Bank relief from the automatic stay under 11 U.S.C. § 362(d).

8. If Ally Bank is not permitted to foreclose its security interest in the aforesaid Vehicle, it will suffer irreparable injury, loss and damages.

9. Due to the nature of the Vehicle as being a depreciating asset that is easily damaged, Ally Bank also hereby requests that any order granting the relief requested herein be immediately effective.

WHEREFORE, Ally Bank moves the Court for the following relief:

1. The Court enter an Order pursuant to 11 U.S.C. § 362(d) lifting the automatic stay to permit Ally Bank to foreclose its security interest in the Vehicle.

2. The 14-day stay provided for in Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure be waived and the lifting of the automatic stay be effective immediately.

3. Ally Bank have such other and further relief as to the Court seems just and proper.

This 13th day of November, 2025.

                                      KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, P.A.

                                      By: /s/*Pamela P. Keenan*
                                      Pamela P. Keenan
                                      NC State Bar No. 20328
                                      Attorneys for Ally Bank
                                      PO Box 19766
                                      Raleigh, NC  27619
                                      Telephone:  (919) 848-0420
                                      Facsimile:  (919) 848-8755
                                      Email: pkeenan@kirschlaw.com

<u>CERTIFICATE OF SERVICE</u>

    The undersigned hereby certifies that on this day, she served a copy of the foregoing on the parties in interest either electronically or by depositing copies of same in a depository under the exclusive care and custody of the United States Postal Service, in a postage-paid envelope, addressed as follows:

Backyard Leisure, LLC
PO Box 470
Kernersville, NC 27285

Samantha K. Brumbaugh
Ivey, McClellan, Siegmund, Brumbaugh & McDonough, LLP
PO Box 3324
Greensboro, NC 27402

James C. Lanik
Waldrep Wall Babcock & Bailey, PLLC
370 Knollwood Street
Suite 600
Winston-Salem, NC 27103

This 13th day of November, 2025.

                                                <u>/s/Shannon Onuma</u>
                                                Shannon Onuma
                                                Legal Assistant